## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISHA CREATIONS, LTD., | ) |
| | ) Civil Action No. 08-CV-01185 (LBS) |
| Plaintiff/ | ) |
| Counterclaim Defendant, | ) ECF Case |
| | ) |
| v. | ) |
| | ) |
| GEMMY INDUSTRIES CORP., | ) **ANSWER AND COUNTERCLAIM** |
| | ) |
| Defendant/ | ) |
| Counterclaim Plaintiff. | ) |

Defendant, Gemmy Industries Corporation ("Gemmy"), by and through its attorneys, hereby Answer and otherwise respond to the Complaint of Plaintiff Chrisha Creations, Limited ("Chrisha") and assert Counterclaims against Chrisha as follows:

### FIRST DEFENSE – FED. R. CIV. P. 8(b)

#### PARTIES

1.  Gemmy is without sufficient information to admit or deny the allegations of Paragraph 1 of the Complaint and on that basis denies the same.

2.  Gemmy admits that it is a Texas corporation. Gemmy's principal place of business is in Coppell, not Irving, Texas.

#### JURISDICTION AND VENUE

3.  Paragraph 3 of the Complaint contains legal conclusions to which no response is required. Gemmy admits that the complaint purports to allege claims of patent infringement.

4.  Gemmy admits that this Court has subject matter jurisdiction over this action.

5. Paragraph 5 of the Complaint contains legal conclusions to which no response is required. Gemmy admits that jurisdiction and venue are proper in this Court for purposes of this litigation.

## FIRST CLAIM FOR RELIEF
(Patent Infringement)

6. Gemmy is without sufficient information to admit or deny the allegations of Paragraph 6 of the Complaint and on that basis denies the same.

7. Gemmy is without sufficient information to admit or deny the allegations of Paragraph 7 of the Complaint and on that basis denies the same.

8. Gemmy admits that what appears to be a copy of U.S. Patent No. 7,216,446 ("the '446 Patent") is attached to the Complaint as Exhibit A. Gemmy is without sufficient information to admit or deny the remaining allegations of Paragraph 8 of the Complaint and on that basis denies the same.

9. Gemmy is without sufficient information to admit or deny the allegations of Paragraph 9 of the Complaint and on that basis denies the same.

10. Gemmy admits that it markets, sells and distributes air-inflatable decorative figures.

11. Gemmy denies the allegations of Paragraph 11 of the Complaint. The allegations fail to specify the patent claim(s) allegedly infringed and the allegedly infringing product(s).

12. Gemmy denies the allegations of Paragraph 12 of the Complaint.

13. Gemmy denies the allegations of Paragraph 13 of the Complaint.

14. Gemmy denies the allegations of Paragraph 14 of the Complaint.

15. Gemmy denies the allegations of Paragraph 15 of the Complaint.

16. Gemmy denies the allegations of Paragraph 16 of the Complaint.

SECOND CLAIM FOR RELIEF
(Patent Infringement)

17. Gemmy is without sufficient information to admit or deny the allegations of Paragraph 17 of the Complaint and on that basis denies the same.

18. Gemmy admits that what appears to be a copy of U.S. Patent No. 7,322,137 ("the '137 Patent") is attached to the Complaint as Exhibit B. Gemmy is without sufficient information to admit or deny the remaining allegations of Paragraph 18 of the Complaint and on that basis denies the same.

19. Gemmy is without sufficient information to admit or deny the allegations of Paragraph 19 of the Complaint and on that basis denies the same.

20. Gemmy admits that it markets, sells and distributes air-inflatable decorative figures.

21. Gemmy denies the allegations of Paragraph 21 of the Complaint. The allegations fail to specify the patent claim(s) allegedly infringed and the allegedly infringing product(s).

22. Gemmy denies the allegations of Paragraph 22 of the Complaint.

23. Gemmy denies the allegations of Paragraph 23 of the Complaint.

24. Gemmy denies the allegations of Paragraph 24 of the Complaint.

PRAYER FOR RELIEF

To the extent that the Complaint's prayer for relief makes any allegations, Gemmy denies those allegations. Gemmy denies that Chrisha is entitled to any relief in this action.

*    *    *

Any claim, allegation, characterization, and/or statement in Plaintiff's Complaint heretofore neither expressly admitted nor denied, is hereby expressly denied.

### SECOND DEFENSE – FED. R. CIV. P. 12(b)(6)

Chrisha fails to state any claim upon which relief can be granted under any theory.

### THIRD DEFENSE – FED. R. CIV. P. 12(e)

Chrisha's claims for patent infringement fail for lack of specificity. The claims do not identify the patent claims allegedly infringed nor the allegedly infringing product(s). As a result, it is impossible to respond to the complaint in any meaningful way.

### FOURTH DEFENSE - INVALIDITY

1.  The '446 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

2.  The '137 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FIFTH DEFENSE – FED. R. CIV. P. 8(c)

1.  Chrisha brings this action with unclean hands by using the process of this Court for improper business purposes.

2.  Chrisha's claims are barred by the doctrines of laches, estoppel, and/or waiver.

### SIXTH DEFENSE

Gemmy reserves the right to present additional affirmative defenses and/or responses and/or counterclaims as such matters are revealed during the course of the litigation.

*     *     *

## **GEMMY'S COUNTERCLAIMS**

Pursuant to Federal Rule of Civil Procedure 13, Gemmy Counterclaims against Chrisha, and in support thereof, alleges as follows:

### THE PARTIES

1. Gemmy is a corporation organized and existing under the laws of the state of Texas, with its principal place of business at 117 Wrangler Drive, Coppell, Texas.

2. Chrisha is a New York corporation with its principal place of business in Greenville, Rhode Island.

### JURISDICTION AND VENUE

3. These Counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

4. This Court has jurisdiction over the counterclaims for declaratory judgment based on an actual controversy between Chrisha and Gemmy arising under the United States Patent Laws, Title 35 of the U.S. Code, pursuant to 28 U.S.C. §§ 2201 *et seq*., 1331, and 1338(a).

5. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400.

6. Jurisdiction and venue are further established by the filing of this action against Gemmy in this Judicial District.

## FACTUAL ALLEGATIONS

7. Gemmy designs, develops, markets, and sells a broad variety of innovative seasonal decorations, including such top brands as Airblown® Inflatables, the Holiday Light Show™, SnowGlobes™, and Life Size animation. Gemmy has expended substantial amounts of time, money, and resources in the research, development, manufacturing, and sale of its products. As a result of its efforts and expenditures, Gemmy is an industry leader in developing inflatable and animated seasonal decorations.

8. Upon information and belief, Chrisha purports to be the assignee of U.S. Patent No. 7,216,446 ("the '446 Patent").

9. Upon information and belief, Chrisha purports to be the assignee of U.S. Patent No. 7,322,137 ("the '137 Patent").

10. On or about February 5, 2008, Chrisha commenced this lawsuit against Gemmy by filing the Complaint in this action, seeking, *inter alia*, a judgment that Gemmy has infringed or is infringing the '446 Patent and the '137 Patent.

11. As set forth in the foregoing Answer and Defenses to the Complaint, Gemmy denies that it has directly or indirectly infringed any valid and enforceable claim of the '446 Patent or the '137 Patent, and further alleges that the '446 Patent and the '137 Patent are invalid.

12. Based on the foregoing, an immediate and justiciable controversy exists between Gemmy and Chrisha as to the infringement and validity of the '446 Patent and the '137 Patent.

## FIRST COUNTERCLAIM
(Declaratory Relief for Invalidity of the '446 Patent)

13. Gemmy realleges and incorporates herein by reference each and every paragraph above as if set forth here in full.

14. An actual, substantial, and continuing justiciable case or controversy exists between Gemmy and Chrisha concerning the invalidity of the '446 Patent, which requires a declaration of rights by this Court.

15. The claims of the '446 Patent are invalid because the purported inventions therein fail to meet the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112.

16. Gemmy is entitled to judgment that the '446 Patent is invalid.

## SECOND COUNTERCLAIM
(Declaratory Relief for Invalidity of the '137 Patent)

17. Gemmy realleges and incorporates herein by reference each and every paragraph above as if set forth here in full.

18. An actual, substantial, and continuing justiciable case or controversy exists between Gemmy and Chrisha concerning the invalidity of the '137 Patent, which requires a declaration of rights by this Court.

19. The claims of the '137 Patent are invalid because the purported inventions therein fail to meet the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112.

20. Gemmy is entitled to judgment that the '137 Patent is invalid.

## THIRD COUNTERCLAIM
(Declaratory Relief for Non-Infringement of the '446 Patent)

21.   Gemmy realleges and incorporates herein by reference each and every paragraph above as if set forth here in full.

22.   An actual, substantial, and continuing justiciable case or controversy exists between Gemmy and Chrisha concerning the non-infringement of the '446 Patent, which requires a declaration of rights by this Court.

23.   Gemmy has not infringed, is not now infringing, has not contributorily infringed, is not contributorily infringing, has not induced infringement, and is not inducing infringement of any valid claim of the '446 Patent.

24.   Gemmy is entitled to judgment that Gemmy does not infringe the '446 Patent.

## FOURTH COUNTERCLAIM
(Declaratory Relief for Non-Infringement of the '137 Patent)

25.   Gemmy realleges and incorporates herein by reference each and every paragraph above as if set forth here in full.

26.   An actual, substantial, and continuing justiciable case or controversy exists between Gemmy and Chrisha concerning the non-infringement of the '137 Patent, which requires a declaration of rights by this Court.

27.   Gemmy has not infringed, is not now infringing, has not contributorily infringed, is not contributorily infringing, has not induced infringement, and is not inducing infringement of any valid claim of the '137 Patent.

28.   Gemmy is entitled to judgment that Gemmy does not infringe the '137 Patent.

PRAYER FOR RELIEF

WHEREFORE, Gemmy respectfully requests that this Court enter an Order and Judgment against counterclaim Defendant Chrisha and in favor of counterclaim Plaintiff Gemmy:

A.	Dismissing Chrisha's Complaint with prejudice and denying each and every request for relief made by Chrisha;

B.	Declaring the claims of United States Patent No. 7,216,446 invalid;

C.	Declaring the claims of United States Patent No. 7,322,137 invalid;

D.	Declaring that Gemmy has not, and is not currently directly infringing, contributorily infringing, or inducing infringement of any valid claim of United States Patent No. 7,216,446;

E.	Declaring that Gemmy has not, and is not currently directly infringing, contributorily infringing, or inducing infringement of any valid claim of United States Patent No. 7,322,137;

F.	Preliminarily and permanently enjoining Chrisha from asserting or otherwise seeking to enforce United States Patent No. 7,216,446 against Gemmy or anyone making, using, selling, and/or offering for sale products manufactured by Gemmy;

G.	Preliminarily and permanently enjoining Chrisha from asserting or otherwise seeking to enforce United States Patent No. 7,322,137 against Gemmy or anyone making, using, selling, and/or offering for sale products manufactured by Gemmy;

H.  Declaring this suit exceptional under 35 U.S.C. § 285 due to Chrisha's conduct, and awarding Gemmy its reasonable attorneys' fees and costs of this action; and,

I.  Awarding Gemmy such other and further relief as this Court may deem just and proper.

### JURY DEMAND

Gemmy respectfully requests a trial by jury on all issues, claims, and causes of action appropriately tried to a jury.

Dated: New York, New York
       March 6, 2008

Respectfully submitted,

_____
VENABLE LLP
Matthew T. McLaughlin (MM 6241)
Gregory W. Gilliam (GG 2857)
1270 Avenue of the Americas
The Twenty-Fifth Floor
New York, New York 10020
Phone: (212) 307-5500
Fax: (212) 307-5598

William D. Coston
Martin L. Saad
575 7th Street, N.W.
Washington, D.C. 20004
Phone: (202) 344-4000
Fax: (202) 344-8300

*Counsel for Gemmy Industries Corporation*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of March, 2008, a true and correct copy of the foregoing Answer and Counterclaim was served by first class U.S. mail, postage prepaid, on:

>Celeste M. Butera
>Stephen J. Smirti, Jr.
>Pia E. Riverso
>Rivkin Radler LLP
>926 RexCorp Plaza
>West Tower – 10th Floor
>Uniondale, New York  11556
>
>Bartholomew Verdirame
>Tony V. Pezzano
>Michael P. Dougherty
>Cadwalader, Wickersham & Taft LLP
>One World Financial Center
>New York, New York 10281

Gregory W. Gilliam